**STATE of Tennessee, Appellee,**

v.

**Jack Lee RICE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 3, 1997.

No Permission to Appeal Applied for to the Supreme Court.

Greg Eichelman, Public Defender, D. Clifton Barnes, Asst. Public Defender, Morristown, for appellant.

John Knox Walkup, Attorney General and Reporter, Clinton J. Morgan, Counsel for the State, Nashville, C. Berkeley Bell, District Attorney General, Cecil C. Mills, Jr., Asst. District Attorney General, Greeneville, for appellee.

## OPINION

PEAY, Judge.

The defendant was indicted on January 2, 1996, on charges of theft of property valued at more than one thousand dollars ($1000) but less than ten thousand dollars ($10,000), burglary, theft of property valued at under five hundred dollars ($500), and possession of burglary tools. The first theft charge was severed from the others and in February 1996, a jury convicted the defendant of the remaining three charges.[1] The trial court then sentenced the defendant to an effective sentence of two years. In this appeal as of right, the defendant challenges the sufficiency of the evidence and the appropriateness of his sentence. After a review of the record and applicable law, we affirm his convictions and remand to the trial court for resentencing.

The defendant's convictions arise from an incident in November of 1995. The defendant and his second cousin, William A. Johnson, were arrested after being spotted in the early morning hours in an auto salvage lot in Greene County. Lieutenant Dale Dodds, of

---

1. The defendant was subsequently tried on the first theft count by a separate jury and was found guilty. He was sentenced to four years in the Tennessee Department of Correction. The appeal now before this Court does not address this separate conviction.

the Greene County Sheriff's Department, had been hired during off duty hours, to patrol the lot and was watching the area from a parked car when he saw the defendant and Johnson. While searching the defendant for weapons, Dodds discovered a pair of pliers, a screwdriver, and a flashlight. The defendant and Johnson were transported to the detention center where they both gave statements to the police.

■ In this appeal, the defendant contends that the evidence presented at trial was insufficient to convict him of burglary and possession of burglary tools. He does not appear to contest the misdemeanor theft conviction. A defendant challenging the insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn.1982).

■ When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978).

■ Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. *Cabbage,* 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence.

*State v. Grace,* 493 S.W.2d 474, 476 (Tenn. 1973).

At trial, Lieutenant Dodds testified that he had observed the defendant and Johnson using a flashlight to look inside a van parked in the salvage lot. Dodds then pocket, Dodds found two car speakers and a screwdriver. Dodds testified that he had then called the lot's owner and waited for him to come open the front gate. The defendant and Johnson were taken to the detention center. Dodds testified that he had not seen the defendant actually take the speakers from the car, but that he had inspected a Toyota Tercel near the spot where he first saw the defendant and determined that the Tercel's speakers were in fact missing.

The State called Johnson as its next witness. Johnson testified that he had accompanied the defendant to the salvage lot but that he could not explain the reason for their going to the lot. He further testified that the defendant had taken two speakers out of one of the cars and told Johnson to put them in his pocket. On cross-examination, Johnson told the jury that he too had been scheduled to go to trial on these same charges, but that he had petitioned the court for pre-trial diversion and that no trial date for him had been set. Johnson stated that while he and the State had no specific agreement about his case, he and the prosecutor had "agreed to agree."

The State then introduced into evidence the taped statement that the defendant had made on the morning of his arrest. In this statement, the defendant said that he and Johnson had gone to the salvage lot to get a car headlight. While he first said he had some tools with him because he had been working on cars all day, he later admitted that he was planning to use the tools to get a headlight. The defendant also admitted that he had been to the salvage lot before and had stolen "minor things" such as windshield wiper blades and headlights. He then stated that he had taken the speakers from a car on the lot.

The defendant offered no proof, and the jury returned guilty verdicts on all three counts. The defendant was sentenced immediately thereafter.

As to the defendant's challenge to the burglary conviction, he first contends that the automobile burglary statute does not apply to "wrecked and salvaged vehicles." The defendant failed to cite any authority to support this contention and it appears that none exists. Tennessee Code Annotated § 39–14–402(4) provides that burglary is committed when a person, without the effective consent of the owner, enters "any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle ..." We see no reason to conclude that salvaged vehicles are not included in this definition. This argument is without merit.

The defendant next contends that the burglary conviction is not sufficiently supported by the evidence because the State relied solely on the testimony of Johnson. As pointed out above in the recitation of facts, the State clearly had more evidence than simply Johnson's testimony. Lieutenant Dodds testified that he had spotted the defendant in the salvage lot looking in cars and that the defendant had tools with him. Furthermore, the defendant himself admitted to police in a taped statement that he had been the one who actually removed the speakers from the car. This evidence is more than sufficient to convict the defendant of burglary. This argument is without merit.

As to his conviction of possession of burglary tools, the defendant contends that "there was absolutely no evidence presented by the State that any tools were used in the commission of the theft ." Tennessee Code Annotated § 39–14–701 provides that "[a] person who possesses any tool, machine or implement with intent to use the same, or allow the same to be used, to commit any burglary, is guilty of a Class A misdemeanor." While the State may have been unable to show that the defendant used *State v. Cox*, 644 S.W.2d 692 (Tenn.Crim.App.1982) (finding evidence sufficient where defendant's accomplice had two screwdrivers and a pair of pliers in his pocket and a tire iron was found on ground near the defendant). This argument is without merit.

As his second issue, the defendant challenges the appropriateness of his sentence. When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. T.C.A. § 40–35–401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40–35–401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn.1991).

In this case, the defendant was sentenced immediately following the jury's verdict. The State informed the court that it had failed to file notice of its intent to seek enhanced punishment, thus, despite the defendant's previous convictions, he would have to be considered a Range I standard offender. *See* T.C.A. § 40–35–202. At that point, the court pointed out that it had not received a presentence report for the defendant. The prosecutor then enumerated the defendant's prior convictions without providing any proof thereof. The prosecutor also told the judge that two enhancement factors should be applied to the defendant. Subsequently, the trial judge sentenced the defendant to two years on the burglary conviction and to eleven months, twenty-nine days for each of the misdemeanor convictions.

Tennessee Code Annotated § 40–35–205 provides that a presentence report must be filed for a defendant convicted of a felony. Here, the defendant was convicted of a Class E felony and two Class A misdemeanors. Evidently no presentence report was filed as the trial judge stated that he had received no report and no such report appears in the appellate record. Thus, we must remand this cause to the trial court for resentencing so that a presentence report can be prepared and the defendant can be properly sentenced. *See State v. Ronnie C. Allen*, No. 03C01–9409–CR–00347, Cocke County, 1995 WL 102741 (Tenn.Crim.App. filed March 10, 1995, at Knoxville) (remanding for resentencing due to failure to comply with mandatory requirement of preparing and filing a presentence report). While we recognize that a presentence report is unnecessary in misde-

meanor sentencing, we nevertheless remand the misdemeanor sentences for resentencing as well. We do this so that the trial judge can place on the record the basis for the misdemeanor sentences. We also remind the trial court that in order for this Court to adequately review sentencing issues, the trial judge must place in the record the enhancement and mitigating factors, or the absence of such factors, along with specific findings of fact upon which the principles of sentencing are based. *See* T.C.A. § 40–35–209. *See also State v. Dies*, 829 S.W.2d 706 (Tenn. Crim.App.1991).

Thus, for the foregoing reasons, we affirm the defendant's convictions but remand this cause to the trial court for resentencing.

HAYES and BARKER, JJ., concur.