# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 15, 2012

## STATE OF TENNESSEE v. EDWARD WOOTEN TITUS

**Direct Appeal from the Criminal Court for Washington County**
**No. 35733    Robert E. Cupp, Judge**

---

**No. E2011-02407-CCA-R3-CD - Filed August 17, 2012**

---

Defendant, Edward Wooten Titus, pled guilty to vehicular assault pursuant to a negotiated plea agreement to receive the minimum sentence of two years. The manner of service of the sentence was to be determined by the trial court. A charge of driving without a license was dismissed pursuant to the agreement. The trial court ordered alternative sentencing, with Defendant to serve the sentence in the community corrections program. Included was fifty days of incarceration with periodic confinement so that Defendant's receipt of social security disability payments would not be jeopardized. On appeal, Defendant argues that the trial court erred by failing to grant him full probation. From the record we glean that no pre-sentence report was prepared. Therefore, we reverse the judgment of the trial court and remand for a new sentencing hearing.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Criminal Court Reversed and Remanded

THOMAS T. WOODALL, J., delivered the opinion of the  court, in which JOSEPH M. TIPTON, PJ., and NORMA MCGEE OGLE, J., joined.

Jeffrey C. Kelly, District Public Defender; and William C. Donaldson, Assistant Public Defender, for the appellant, Edward Wooten Titus.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Anthony Wade Clark, District Attorney General; and Erin D. McArdle, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 25, 2009, Defendant was operating a motorcycle on East Fairview Road in Washington County, and his wife was a passenger on the motorcycle. Defendant's blood alcohol content was 0.15. Defendant drove the motorcycle into a parked car, throwing him and his wife onto the ground. Defendant received slight injuries, but his wife received life threatening injuries and was a patient in intensive care for several weeks. She died of unrelated reasons prior to the sentencing hearing.

At the sentencing hearing Defendant testified that he was 54 years old and worked as a maintenance man. When asked by his attorney if he had an employer present at the hearing, Defendant's response was, "I'm self-employed 'cause I'm on disability, sir, for my hearing." Defendant testified that he received social security payments of $957.00 per month for his disability. Defendant continued to drink alcohol for about a year after the wreck while the charges were pending, but he quit drinking any alcohol approximately a year before the sentencing hearing.

Steve Redmon testified that he had known Defendant for at least ten years and had previously employed Defendant in his machine shop. Defendant also did construction work for Mr. Redmon. He testified that Defendant had been a very reliable employee who never showed up late for work or came to work intoxicated.

The trial court ordered periodic confinement because of the serious nature of the offense (injuries to the victim were severe - "[s]he ended up spending several weeks in intensive care, and part of that time was completely unresponsive and connected to a ventilator"). Also, the trial court stated that the 50 days in jail was "what he would have to [do] on a DUI, second." There was some disputed evidence that Defendant had a prior DUI in 1982, and the only evidence submitted by the State in support of this prior conviction was a "certificate" of the Tennessee Department of Safety which showed that a *female* named "Edward W. Titus, III" of Erwin, Tennessee, with no height or weight listed, but with the same birthday as Defendant, was convicted of DUI in Washington County on December 22, 1982. Defendant's name on the indictment is "Edward Wooten Titus" without the "III." It was not explained why the State did not submit a certified copy of any prior conviction of Defendant. Furthermore, absolutely no mention is made anywhere in the record about a pre-sentence report. At the guilty plea submission hearing, the prosecutor referred to an "NCIC" report, but the information of prior convictions of Defendant was vague at best.

With no pre-sentence report being considered by the trial court, and apparently with no such report even having been filed or prepared pursuant to the mandate of Tennessee Code Annotated section 40-35-205(a), the judgment of the trial court as to sentencing must

be reversed, with this case remanded for preparation of a pre-sentencing report pursuant to the statute and for re-sentencing. *State v. Rice*, 973 S.W.2d 639, 642-43 (Tenn. Crim. App. 1997).

## CONCLUSION

The judgment of the trial court is reversed as to sentencing. This case is remanded to the trial court for preparation of an appropriate pre-sentence report and for a new sentencing hearing where such report shall be considered by the trial court and filed in the record.

_____
THOMAS T. WOODALL, JUDGE