IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 15, 2012

**STATE OF TENNESSEE v. DANNY RAY HENSLEY**

**Appeal from the Criminal Court for Hawkins County**
**No. 11CR177    John F. Dugger, Judge**

_____

**No. E2011-02325-CCA-R3-CD - Filed October 31, 2012**

_____

The Defendant, Danny Ray Hensley, pleaded guilty to robbery, a Class C felony. See T.C.A. § 39-13-401 (2010). He was sentenced as a Range I, standard offender to eight years' confinement. On appeal, he contends that the trial court erred in denying an alternative sentence. Because the trial court did not consider a presentence report, we reverse its judgment and remand for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Michael J. LaGuardia, Kingsport, Tennessee, for the appellant, Danny Ray Hensley.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Kevin Keeton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the facts recited by the prosecutor at the guilty plea hearing:

> [The Defendant] purchased a car from [the victim] at Bellaire Grill/T and T Auto Sales, for around $1,400 and . . . there was a problem with the car and how it functions as maybe represented to [the Defendant]. And the next day [the Defendant] went back to the business and demanded the money,

the $1,400 from [the victim]. While demanding the money, [the Defendant] pulled a handgun. [Defense counsel] says it's a starter pistol.

. . .

Our file indicates that it was a .22 caliber pistol that was recovered, but I think there's some dispute as to whether that was the actual [weapon.]

. . .

[A]t some point during this the victim agrees to go to his car and get the money and on his way out attempts to run. [The Defendant] catches him a short time later after running around the scene at which . . . a number of other bystanders . . . see him with this starter pistol or gun. He gets [the victim] on the ground and tells him it's over. [The victim] convinces him to let him give him the money and gives him a bank bag that has – I think there is a . . . dispute to exactly how much it had in it, but it was quite a bit more than the $1,400. Our victim reports that it was $10,000 along with two credit cards and two checkbooks. At that time, [the Defendant] took the money and got in his vehicle and left the scene. The bank bag was recovered and Mr. Hensley told officers that the only money missing from the bag was the $1,400 that he took out of it . . . for the car that he purchased.

Defense counsel stated that there were some discrepancies in the statement but that none were material. The original charge was aggravated robbery, a Class B felony for which probation was not an available sentence. See T.C.A. § 40-35-303(a) (2010). The plea agreement was for a conviction of robbery, a Class C felony, and provided that the court would determine the manner of service. The Defendant acknowledged that he was accepting an eight-year sentence as a Range I offender, which was outside the three- to six-year sentencing range for a Range I offender for a Class C felony, but that he would be classified as a Range I offender for purposes of determining release eligibility. The record reflects that the Defendant also agreed to be subject to a restraining order, which prohibited him from contacting the victim. The court accepted the Defendant's guilty plea and the agreed-upon eight-year sentence. The court proceeded to consider the manner of service of the sentence.

The Defendant testified that he bought a truck from the victim. He said that the truck's transmission malfunctioned as he left the business and "wouldn't pull out at the top of the hill." He agreed that the victim refused to refund his money when he attempted to return the truck. He said that the crime took place a week later and that in the interim, he went to the business to attempt to obtain the title and that he went to the sheriff's department about the matter. He said he was unable to obtain a warrant when he contacted the clerk's office because the fee was approximately $157, which he did not have. He acknowledged that the crime was not justified. He said that $1400 was a large amount of money to his wife and him and that his wife threatened to divorce him due to the problems with the truck purchase. He said that on the day of the crime, the victim gave him the money. He denied that the victim was on the ground. He said that he contacted the Tennessee Bureau of Investigation (T.B.I.) afterward and that two agents were investigating the victim. He agreed the T.B.I. Investigator advised him that the victim was "thrown out" of Virginia for committing fraud against customers at a car dealership and began selling cars in Tennessee. The Defendant agreed that he had heart problems, that he had a heart attack when the officers arrived to arrest him, and that he had to be taken to the hospital by ambulance. He had no prior convictions and requested alternative sentencing. The prosecutor stated that the plea agreement included the agreement that the State would not seek aggravated assault charges for the Defendant against two other victims who were at the car dealership.

The trial court noted that the Defendant "took the law in [his] own hands," rather than pursuing a civil remedy. The court also noted that the offense involved a weapon, that the plea agreement allowed the Defendant to plead guilty to the lesser offense of robbery, rather than the charged offense of aggravated robbery, and that the Defendant could have received an eight-to-twelve-year sentence to be served at 85% if he were convicted of aggravated robbery. The court noted that the detective and the victim opposed an alternative sentence. The court said that a report submitted by the prosecution reflected the Defendant was previously charged but not convicted for shooting at a person and aggravated assault and that "it sounds like you're a hothead when you go into a car dealership with a gun and scare people." The court ordered the Defendant to serve his eight-year sentence in the Department of Correction.

The Defendant contends on appeal that the trial court erred by denying an alternative sentence. The State responds that the Defendant has not shown that the trial court erred. We conclude that the judgment must be reversed and the case remanded because the record fails to reflect that the trial court considered a presentence report when sentencing the Defendant.

Appellate review of sentencing is for abuse of discretion. We must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper

application of the purposes and principles of our Sentencing Act." State v. Susan Renee Bise, — S.W.3d —, —, No. E2011-00005-SC-R11-CD, slip op. at 29 (Tenn. Sept. 26, 2012).

In determining the proper sentence, the trial court must consider: (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee, (7) any statement that the defendant made on his own behalf, and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Moss, 727 S.W.2d 229, 236 (Tenn. 1986). The record reflects that the trial court failed to consider a presentence report. Although there is a "prosecution report" in the record, it is not in the form nor does it contain the information required of a presentence report. See T.C.A. § 40-35-207(a) (2010) (listing the required information in a presentence report).

We note that the trial court referred to a "presentence report" during the sentencing hearing. The record reflects, however, that the documents received by the court were: (1) a document prepared by the Board of Probation and Parole listing the Defendant's prior charges and convictions; (2) a "prosecution report" prepared by a law enforcement officer that identified the facts of the crime, the victim's identity, the victim's injuries and damages, and the witnesses; (3) an offense report prepared by a sheriff's deputy; the affidavit of complaint; and (4) the victim's written statement about the facts of the crime. These documents were prepared from a law enforcement perspective, were geared to the facts but not the circumstances of the offense, and lacked relevant information that is required in a presentence report. These documents did not address, in any meaningful way, the circumstances of the offense, Defendant's "physical and mental history and condition, family history and background, education, occupation, and personal habits;" information regarding the enhancement or mitigating factors, information to assist the court in deciding whether and on what terms to grant probation or community corrections; and the Defendant's financial resources and obligations, in order to assist the court in determining restitution. See id. § 40-35-207(a) (1), (2), (3), (5), (6), (7), (9).

Although the Defendant testified and provided some information about himself and defense counsel posed no objection to the lack of a presentence report, a presentence report prepared pursuant to the statute is required for felony convictions. Id. § 40-35-205(a) (Supp. 2012). The presentence report provides relevant information to assist the trial court in making the appropriate sentencing determination. See id. § 30-35-205, Advisory Comm'n Cmts. ("If the judge is to make an informed sentencing determination, it is necessary to have as much data about the defendant and the circumstances of the offense as possible. . . . The

commission believes that sentencing reports should not be adversarial in nature but should be informative.") Sentencing a defendant in the absence of a presentence report is reversible error. State v. Rice, 973 S.W.2d 639, 642 (Tenn. Crim. App. 1997); see also State v. Edward Wooten Titus, No. E2011-02407-CCA-R3-CD (Tenn. Crim. App. Aug. 17, 2012). Because the trial court sentenced the Defendant without a presentence report, the case must be remanded for preparation of a report that complies with the statute. Upon receipt of a proper presentence report, the trial court shall conduct a sentencing hearing and sentence the Defendant in accordance with the principles and provisions of the Sentencing Act.

Although not raised by the parties, we note that the judgment correctly reflects the Defendant's conviction of robbery but incorrectly reflects the statutory citation for robbery as Tennessee Code Annotated section 39-13-402. That section defines aggravated robbery. The citation for robbery is section 39-13-401. On remand, the trial court's new judgment should contain the correct citation to the robbery statute.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE