IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2012

## STATE OF TENNESSEE v. CYNTHIA DENISE MARSHALL

**Appeal from the Circuit Court for Hardeman County
No. 2012-CR-76    J. Weber McCraw, Judge**

**No. W2012-01011-CCA-R3-CD  - Filed January 23, 2013**

The Defendant, Cynthia Denise Marshall, pleaded guilty to introducing contraband into a penal institution, a Class C felony, possession with the intent to deliver morphine, a Class C felony, and possession with the intent to deliver more than one-half gram of marijuana, a Class E felony.  See T.C.A. §§ 39-16-201 (2010) (amended 2012), 39-17-417 (2010) (amended 2012).  She was sentenced as a Range I, standard offender to an effective six years on probation.  On appeal, she contends that the trial court erred by denying judicial diversion.  We reverse the trial court's denial of judicial diversion and remand the case for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Reversed;
Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Shana Johnson, Somerville, Tennessee, for the appellant, Cynthia Denise Marshall.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; D. Michael Dunavant, District Attorney General; and Joe L. Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case relates to the Defendant's entering the Hardeman County Correctional Center with a concealed package of drugs when attempting to visit an inmate.  At the guilty plea hearing, the parties stipulated that the Defendant entered the prison with three bags of marijuana, weighing 118 grams, and one bag of morphine in her undergarments.  The package was found during a routine search of visitors.  Pursuant to the plea agreement, the

Defendant received a four-year sentence for introducing contraband into a penal facility, a four-year sentence for possession with the intent to deliver morphine, and a two-year sentence for possession with the intent to deliver more than one-half gram of marijuana. The parties agreed that the introduction of contraband and the possession with the intent to deliver more than one-half gram of marijuana convictions would run consecutively and that the possession with intent to deliver morphine conviction would run concurrently with the introduction of contraband conviction, with all sentences suspended. The Defendant applied for judicial diversion.

At the sentencing hearing, the Defendant testified that she did not have any previous misdemeanor or felony convictions but that she had been convicted of one minor traffic violation. She denied having received judicial diversion before the present offenses or serving time in confinement. She agreed that she made a poor decision and said that she was not going to visit anyone else in jail.

The Defendant testified that she had been employed throughout her life and that she was currently employed at KSW Childcare. She said she was capable of paying the fines and agreed she would satisfy her obligations. She said she planned to apply any tax return refund to her fines. The State did not cross-examine the Defendant.

The trial court stated on the record that no presentence report was prepared and that the parties waived having a presentence report. In determining whether to grant the Defendant's request for judicial diversion, the court commented that with regard to the Defendant's amenability to correction, nothing was presented that gave the court "great concern." The court stated that it was "greatly concerned" about the circumstances of the offense and that taking drugs into a penal facility was a "significant problem" in Hardeman County. The court found that although the prison environment should have intimidated the Defendant, she was "bold enough" to enter a prison with drugs and to attempt to deliver them to an inmate. The court commented that no evidence was presented showing the Defendant had a previous criminal history or giving the court concern about her physical and mental health or her social history. The court noted that it was concerned that the Defendant was employed in a childcare facility when she attempted to deliver drugs to an inmate.

With regard to deterring the Defendant and others, the trial court stated that it had been "a significant problem in this county with visitors taking drugs or phones or other contraband into a prison. . . . The prisons are difficult enough to control without having access to drugs and other contraband." The court said it "weigh[ed] heavily the need to deter others who would be this foolish as to try to complicate the running of prisons." The court found that the public interest would not be served by allowing "people who are already in violation of the law to further be presented with opportunities to violate the law." The court

stated that it needed "to send a strong message, which I've tried to do to others, that this will not be tolerated. . . ." The trial court denied judicial diversion and ordered the Defendant's effective six-year sentence to be served on probation.

On appeal, the Defendant contends that the trial court erroneously denied judicial diversion because it relied solely on deterrence rather than the proof presented at the hearing. The State responds that the trial court did not abuse its discretion by denying diversion and argues that there is substantial evidence supporting the denial of diversion.

A defendant is eligible for judicial diversion if he or she is found guilty of or pleads guilty or nolo contendere to a Class C, D, or E felony or a lesser crime, has not previously been convicted of a felony or a Class A misdemeanor, and is not seeking deferral for a sexual offense. See T.C.A. § 40-35-313(a)(1)(B)(I) (2010). The decision to grant judicial diversion lies within the sound discretion of the trial court, and this court will not disturb that decision on appeal absent an abuse of discretion. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). Upon review, we will give the trial court the benefit of its discretion if "'any substantial evidence to support the refusal' exists in the record." State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992) (quoting State v. Hammersley, 650 S.W.2d 353, 356 (Tenn. 1983)).

In determining whether to grant judicial diversion, the trial court must consider (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; (6) the deterrence value to the defendant and others; and (7) whether judicial diversion will serve the ends of justice. Electroplating, 990 S.W.2d at 229; State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). In addition, "the record must reflect that the court has weighed all of the factors in reaching its determination." Electroplating, 990 S.W.2d at 229. If the trial court refused to grant judicial diversion, it should state in the record "the specific reasons for its determinations." Parker, 932 S.W.2d at 958-59. Appellate review is precluded if the trial court fails to make findings in support of its determination regarding judicial diversion. See State v. Kevin Spurling, No. E2008-02599-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App. Feb. 8, 2010).

The trial court commented that nothing in the record showed that the Defendant had a previous criminal history or mental or physical health problems. It also commented that no evidence was presented giving the court concern about her amenability to correction. The court denied judicial diversion because it found diversion would not serve the public interest and because the court needed to deter others from committing similar offenses. With regard to deterrence, the court was greatly concerned about the circumstances of the offense because visitors taking drugs and other contraband into the prison was a "significant problem" in

Hardeman County. No evidence was presented regarding the number of incidents involving visitors bringing illegal narcotics into the local prison, although the court stated that it had tried to send a strong message to others that such behavior will not be tolerated. A trial court must only consider "evidence in the record of the trial, the sentencing hearing, the presentence report and the record of prior felony convictions filed by the district attorney general with the court." T.C.A. § 40-35-210(f) (2010). See State v. Hooper, 39 S.W.3d 1, 12 (Tenn. 2001); State v. Nunley, 22 S.W.3d 282, 288 (Tenn. Crim. App. 1999). Sufficient evidence establishing the need for deterrence includes statistics and "testimony by someone with special knowledge of the level of a particular crime. . . ." Hooper, 29 S.W.3d at 11. A court's general observation that a particular offense occurs frequently within the county "cannot serve as a substitute for factual findings containing comparisons to indicate" increased instances of visitors taking drugs and other contraband into the local prison. See State v. Fields, 40 S.W.3d 435, 442 (Tenn. 2001). We conclude that the court erred by finding, without sufficient evidence, that visitors taking drugs and other contraband into the local prison was a significant problem in Hardeman County.

We note that after defense counsel's direct examination of the Defendant, the court asked the prosecutor if the State had any challenge. The prosecutor stated, "The State understands the Court's prior policy related to drugs being taken into the prison. Otherwise, we would have no challenge." The court began its findings of fact and conclusions of law. This statement indicates that the court had a general policy of denying judicial diversion for this particular offense, although judicial diversion is permitted for introducing contraband into a penal institution. See T.C.A. § 40-35-313(a)(1)(B)(I) (2010). Any such policy is in direct contravention of the statute making this offense diversion eligible and is an abuse of discretion.

We also note that Tennessee Code Annotated section 40-35-205 requires that a presentence report be completed "upon the acceptance of a guilty plea or upon a verdict or findings of guilty" in felony cases. The Defendant was convicted of two Class C felonies and one Class E felony. No presentence report was prepared, and the parties waived having a report prepared for the trial court's judicial diversion determination. This court has concluded that sentencing a defendant in the absence of a presentence report is reversible error. See State v. Rice, 973 S.W.2d 639, 642 (Tenn. Crim. App. 1997); see also State v. Danny Ray Hensley, No. E2012-02325-CCA-R3-CD, slip op. at 4-5 (Tenn. Crim. App. October 31, 2012); State v. Edward Wooten Titus, No. E2011-02407-CCA-R3-CD, slip op. at 2-3 (Tenn. Crim. App. Aug. 17, 2012); State v. Ronnie C. Allen, No. 03C01-9409-CR-00347, slip op. at 2 (Tenn. Crim. App. Mar. 10, 2005).

State v. Richard Douglas Lowery, No. 03C01-9604-CC-00146 (Tenn. Crim. App. May 19, 1997), perm. app. denied (Tenn. Mar. 16, 1998), is instructive. Although not a case involving judicial diversion, the parties in Richard Douglas Lowery also waived the preparation and filing of a presentence report before the trial court sentenced the defendant to confinement. Id., slip op at 7. Whether a presentence report is prepared for the trial court's sentencing determination or its granting or denial of judicial diversion, this court does not condone the practice of failing to prepare and file a report with the trial court. The presentence report allows the court to follow the sentencing principles required under our laws and is necessary for appellate review. Id., slip op at 8; see State v. Charles Eberhardt, No. 03C01-9307-CR-00230, slip op. at 5 (Tenn. Crim. App. Feb. 17, 1994). Because the presentence report was not prepared, this court is unable to determine whether the Defendant is entitled to judicial diversion.

Because the trial court relied upon information not contained in the record in denying judicial diversion, we remand the case for a new hearing. In consideration of the foregoing and the record as a whole, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.


_____
JOSEPH M. TIPTON,  PRESIDING JUDGE