IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 29, 2025 Session

## STATE OF TENNESSEE v. CODY R. MASHBURN

**Appeal from the Criminal Court for Knox County**
**No. 127432   Steven W. Sword, Judge**

_____

## No. E2024-01797-CCA-R3-CD

_____

The Defendant, Cody R. Mashburn, pled guilty to aggravated burglary and criminal simulation. As part of the plea, the parties agreed that the Defendant would be sentenced to an effective term of ten years, but the trial court would determine the manner of service. After a hearing, the trial court denied the Defendant's request for an alternative sentence and imposed a sentence of full confinement. On appeal, the Defendant argues that the trial court erred in denying an alternative sentence because, among other things, it improperly sentenced the Defendant without considering the results of a validated risk and needs assessment. Upon our review, we agree with the Defendant. Accordingly, we respectfully reverse and vacate the judgments and remand the case to the trial court for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgments of the Criminal Court Reversed; Case Remanded**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which JILL BARTEE AYERS and KYLE A. HIXSON, JJ., joined.

Eric M. Lutton, District Public Defender; and Jonathan Harwell and Halle Hammond, Assistant District Public Defenders (on appeal); and Joseph F. Sandford, Assistant District Public Defender (at sentencing), for the appellant, Cody R. Mashburn.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin L. Barker and Ryan Dugan, Assistant Attorneys General; Charme P. Allen, District Attorney General; and Marissa Pecora, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

On January 11, 2024, the Defendant broke into the victim's home and stole several items, including at least one check, which he altered and attempted to deposit in his account. About three weeks later, the Defendant's car was stopped by law enforcement, and he was taken into custody. During a later search of the vehicle, officers located several items belonging to the victim, including the check on which the Defendant had written his name as the recipient.

In April 2024, a Knox County grand jury charged the Defendant with aggravated burglary and criminal simulation, among other offenses. He later pled guilty to the aggravated burglary and criminal simulation charges pursuant to a plea agreement that provided for an effective ten-year sentence as a Range II, multiple offender. However, the agreement left the manner of service to be determined by the trial court.

On November 22, 2024, the trial court held a sentencing hearing. At the outset of the hearing, the State introduced the presentence report prepared by the Tennessee Department of Correction. The report detailed the Defendant's extensive criminal history, troubled upbringing, and his self-reported struggles with mental illness and addiction. At the same time, the Department did not complete a risk and needs assessment for the report, explaining that the Defendant was not assessed because he was already on supervised probation.[1]

The victim testified that she returned home to find her residence in disarray and discovered that numerous items had been taken. She explained that the incident caused significant disruption to her home and personal property. On cross-examination, the victim estimated the total loss at less than $10,000 and expressed hope that the Defendant could receive help.

After the court heard testimony from the victim and a long-time friend of the Defendant, the Defendant requested that the trial court allow him to complete the Knox County Recovery Court program as a condition of a suspended sentence. The State

---

[1] A "validated risk and needs assessment" is "a determination of a person's risk to reoffend and the needs that, when addressed, reduce the risk to reoffend through the use of an actuarial assessment tool designated by the department that assesses the dynamic and static factors that drive criminal behavior." Tenn. Code Ann. § 40-35-207(d).

opposed the request and argued that the Defendant should serve his entire sentence in confinement.

The trial court denied the Defendant's request for alternative sentencing and ordered him to serve the ten-year sentence in the Department of Correction. In doing so, the court emphasized the Defendant's extensive criminal history, including numerous felony and misdemeanor convictions and repeated probation revocations. The court further found that less restrictive measures had frequently and recently been tried without success and that the Defendant had limited potential for rehabilitation, noting his disciplinary record while incarcerated and the fact that he committed the present offenses while on probation. The court also expressed concern about the suitability of the proposed residential treatment program.

The judgments of conviction were filed on December 5, 2024, and the Defendant filed a timely notice of appeal that same day. *See* Tenn. R. App. P. 4(a).

## STANDARD OF APPELLATE REVIEW

Our supreme court has emphasized that "the first question for a reviewing court on any issue is 'what is the appropriate standard of review?'" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The Defendant raises a single issue on appeal: whether the trial court erred in denying his request for an alternative sentence.

A trial court's sentencing determinations are reviewed for an abuse of discretion, accompanied by a presumption of reasonableness when the sentence falls within the applicable range and reflects a proper application of the purposes and principles of the Sentencing Act. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). This same deferential standard applies to a trial court's decision to grant or deny an alternative sentence. *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012). As our supreme court has clarified, "a trial court's decision to grant or deny probation will not be invalidated unless the trial court wholly departed from the relevant statutory considerations in reaching its determination." *State v. Sihapanya*, 516 S.W.3d 473, 476 (Tenn. 2014).

## ANALYSIS

In this appeal, the Defendant asks us to remand the case for a new sentencing hearing. In addition to challenging the trial court's denial of alternative sentencing and the sufficiency of the court's explanation for that decision, the Defendant argues that the trial court did not consider a risk and needs assessment, as required by Tennessee Code Annotated section 40-35-210. He notes that the Department of Correction confirmed that

no assessment was completed because he was already under state supervision. Based on the Department's omission, the Defendant contends that the trial court could not appropriately sentence him and that a new hearing is necessary.

The State concedes that the Department did not prepare a risk and needs assessment, and, consequently, that the trial court did not consider one in denying an alternative sentence. Even so, the State maintains that the Defendant waived this claim by failing to object at the sentencing hearing. We agree with the Defendant.

### A.    THE REQUIREMENT OF A RISK AND NEEDS ASSESSMENT

When a sentencing court determines an appropriate sentence and the suitable combination of sentencing alternatives, the Sentencing Act requires the court to consider several categories of information. The court must review, among other things, the evidence presented at trial and at the sentencing hearing, the presentence report, the principles of sentencing, and the parties' respective arguments concerning sentencing alternatives. Tenn. Code Ann. § 40-35-210(b) (2025). These requirements reflect the General Assembly's judgment that sentencing decisions be grounded in a comprehensive picture of the offender's conduct, criminal history, and rehabilitative prospects.

As part of the Public Safety Act of 2016, the legislature added another category of information to this framework: a validated risk and needs assessment. *Id.* § 40-35-210(b)(8). The assessment is designed to provide objective information about an offender's criminogenic risks and treatment needs, and the legislature has expressly directed sentencing courts to consider its results. *See State v. Ross*, No. E2023-00381-CCA-R3-CD, 2024 WL 2954404, at *5 (Tenn. Crim. App. June 12, 2024), *no perm. app. filed*. The General Assembly has explained that the risk and needs assessment is to be used in "making decisions and recommendations on programming and treatment options" for felony offenders. Tenn. Code Ann. § 41-1-126(c) (2025). And to underscore the assessment's importance to sentencing, the legislature has also provided that:

> A sentence *must be based on* evidence in the record of the trial, the sentencing hearing, the presentence report, *the validated risk and needs assessment*, and the record of prior felony convictions filed by the district attorney general with the court, as required by § 40-35-202(a).

*Id.* § 40-35-210(f) (emphasis added). The decision to include the assessment in this mandatory list reflects the legislature's deliberate policy choice to incorporate evidence-based tools into felony sentencing decisions.

- 4 -

It is true that the legislature has not prescribed the weight that a trial court must give to the risk and needs assessment in any particular case. *Ross*, 2024 WL 2954404, at *3. As with other sentencing considerations, the weight to be afforded to the assessment rests within the trial court's discretion. *See State v. Solomon*, No. M2018-00456-CCA-R3-CD, 2018 WL 5279369, at *7 (Tenn. Crim. App. Oct. 23, 2018), *no perm. app. filed*. Even so, each time this court has addressed the issue in a contested felony sentencing case, we have consistently held that a trial court's failure to consider the assessment is error.[2] After all, its absence removes one of the statutorily mandated components on which a lawful sentence "must be based." Tenn. Code Ann. § 40-35-210(f).

That said, a defendant is not automatically entitled to a new sentencing hearing any time the assessment is omitted or not considered. Our cases recognize that a defendant may be estopped to claim error on appeal when he or she affirmatively waives consideration of a risk and needs assessment at sentencing. *See Baxter*, 2025 WL 798146, at *18; *Spencer*, 2024 WL 4902263, at *7. An affirmative waiver occurs when the defendant explicitly states on the record that the assessment is unnecessary, or when the defendant affirmatively indicates that he has no objection to the admission of a presentence report that does not include the assessment. *Ross*, 2024 WL 2954404, at *5. In these circumstances, the defendant has effectively invited the error and may not later complain about the assessment's absence on appeal.

The State asks us to extend the concept of estoppel further. It argues that a defendant should be estopped to seek relief on appeal when the Department of Correction did not prepare the risk and needs assessment and when the court and the parties simply overlooked its absence during the sentencing hearing. In the State's view, a failure by all participants to recognize the missing assessment should bar appellate relief even in the absence of an affirmative waiver by the defendant.

We rejected this very argument in *Ross*. In that case, the Department did not prepare a risk and needs assessment, the parties did not recognize the omission, and the trial court sentenced the defendant without considering the assessment. We emphasized that consideration of the assessment is not merely advisory, but reflects a deliberate legislative

---

[2]    *See State v. Baxter*, No. M2023-01507-CCA-R3-CD, 2025 WL 798146, at *18 (Tenn. Crim. App. Mar. 13, 2025), *no perm. app. filed*; *State v. Spencer*, No. W2023-01008-CCA-R3-CD, 2024 WL 4902263, at *6 (Tenn. Crim. App. Nov. 27, 2024), *no perm. app. filed*; *Ross*, 2024 WL 2954404, at *5; *State v. Pace*, No. W2022-01092-CCA-R3-CD, 2023 WL 6626457, at *2 (Tenn. Crim. App. Sept. 1, 2023), *perm. app. denied* (Tenn. Apr. 11, 2024); *State v. Wright*, No. E2019-01599-CCA-R3-CD, 2020 WL 7091383, at *9 (Tenn. Crim. App. Dec. 4, 2020), *no perm. app. filed*; *State v. Ailey*, No. E2017-02359-CCA-R3-CD, 2019 WL 3917557, at *31 (Tenn. Crim. App. Aug. 19, 2019), *no perm. app. filed*.

.

policy choice aimed at reducing recidivism and strengthening rehabilitative outcomes. *Ross*, 2024 WL 2954404, at \*5-6.  As we explained, this policy choice must be given effect unless the defendant engaged in conduct amounting to estoppel, such as "gam[ing] the system" by intentionally foregoing an objection until receiving an unfavorable sentence. *Id.* at \*5.  Absent those circumstances, we held that "a sentencing hearing conducted without the legislatively required information should result in a new hearing." *Id.* at \*6.

The State has identified no persuasive reason to depart from that principle here.  Its position cannot be reconciled with the mandatory statutory language, nor can it be squared with our identical treatment of sentencing hearings conducted without a required presence report.  *See State v. Rice*, 973 S.W.2d 639, 642 (Tenn. Crim. App. 1997).  To adopt the State's argument would allow an entire category of legislatively required information to be omitted from sentencing, so long as the omission passes unnoticed at the hearing.  Section 40-35-210(f) does not tolerate that result.  We therefore decline the State's invitation to revisit or narrow *Ross*, and we reaffirm that the legislature's sentencing policies must be given effect absent conduct amounting to an estoppel.

## B.    THE ABSENCE OF A RISK AND NEEDS ASSESSMENT

Applying these principles in this case, it is undisputed that the Department of Correction failed to prepare a risk and needs assessment and that the assessment was not included in the presentence report.  *See* Tenn. Code Ann. §§ 40-35-205(a); -207(a)(10); -210(b)(8) (2025).  Even so, the State moved to admit the report as its first exhibit without noting—or objecting to—the omission, and the trial court admitted the report without confirming its completeness or inquiring whether either party objected to its contents.  *Cf. Baxter*, 2025 WL 798146, at \*18; *Spencer*, 2024 WL 4902263, at \*6.  None of the participants identified the missing assessment or noted that the presentence report was incomplete.  The hearing proceeded and concluded without any mention of the missing assessment by the court, the assistant district attorney, or defense counsel.

The record therefore shows mere oversight by all parties, not an affirmative waiver amounting to an estoppel by the Defendant.  Nothing in the record suggests that the Defendant relinquished the right to have the assessment considered or affirmatively agreed to the admission of a presentence report that lacked it.  Because the legislature has mandated that sentencing courts consider a validated risk and needs assessment, and because circumstances revealing an estoppel are not present here, we must remand for a new sentencing hearing.  On remand, the assessment must be prepared, included in the presentence report, and considered by the trial court for whatever weight it believes is appropriate.  *See Solomon*, 2018 WL 5279369, at \*7.

Pushing against this conclusion, the State contends that our holding invites defendants to "sandbag" the sentencing process. That concern rests on two unfounded premises. First, the State assumes that a validated assessment will invariably operate to a defendant's advantage. Neither the statute nor experience supports that assumption. The assessment is an evidence-based instrument designed to identify the risks and needs that influence an offender's criminal behavior. *See* Tenn. Code Ann. § 40-35-207(d). Its findings may support a sentencing alternative, or they may weigh strongly against one. What matters is that the General Assembly has required sentencing courts to consider this information. Where the assessment is absent, a sentencing court's analysis is incomplete, regardless of which party might ultimately benefit from the assessment's conclusions.

Second, the State assumes that it lacks the ability to prevent the concern it identifies. It does not. When the required assessment is missing, the State possesses an obvious and readily available remedy: it may request that the trial court obtain the assessment before proceeding. Although the statutory duty to ensure the preparation and consideration of the assessment rests with the court, *Ross*, 2024 WL 2954404, at *3, *6, nothing precludes the State from ensuring that the court has before it the information the law requires. When all participants overlook the absence of a required component of sentencing, including the party who introduced the presentence report into the record, it is difficult to fault any one of them for the omission. The State's argument lacks merit and affords no basis to depart otherwise from the legislature's clear sentencing directives.

## C.    ADDITIONAL ISSUES RAISED BY THE DEFENDANT

Because we remand this case for a new sentencing hearing based on the absence of a risk and needs assessment, the Defendant's remaining challenges to the denial of alternative sentencing are rendered moot. Ordinarily, this court will address moot issues, if only to avoid pretermitting matters that could become relevant in the event of further appellate review. *See State v. Pendergrass*, 13 S.W.3d 389, 395 (Tenn. Crim. App. 1999); *Jacobs v. State*, 450 S.W.2d 581, 581 (Tenn. 1970).

In this case, however, the record lacks information that the General Assembly has deemed essential to the trial court's evaluation of the sentencing principles and the Defendant's suitability for alternative sentencing. Without the required risk and needs assessment, any attempt to evaluate the Defendant's remaining claims would require appellate review on an undeveloped sentencing record. Accordingly, we leave the Defendant's other arguments for another day, when they may be considered, if necessary, on a fully developed record after a new sentencing hearing.

## CONCLUSION

In summary, we hold that the Defendant's sentencing hearing was conducted without the legislatively required risk and needs assessment. To be clear, the Defendant's crimes were serious, and the trial court properly considered, among other things, the nature and circumstances of the offense, the Defendant's extensive criminal record, and presence of other victims. However, other information relevant to the sentence was not present or considered. As such, "absent circumstances amounting to an estoppel, we must give effect to mandatory components of sentencing as expressed in clear and unambiguous statutory language, even when the parties overlook them." *Ross*, 2024 WL 2954404, at *7.

Accordingly, we respectfully reverse and vacate the judgments and remand the case to the trial court for a new sentencing hearing.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE